GREINES, MARTIN, STEIN & RICHLAND LLP
Timothy T. Coates (SBN 110364)
Jennifer C. Yang (SBN 202187)
5700 Wilshire Boulevard, Suite 375
Los Angeles, California 90036-3626
Telephone: (310) 859-7811
Fax: (310) 276-5261

LEWIS, BRISBOIS, BISGAARD & SMITH LLP
John M. Porter (SBN 62427)
650 East Hospitality Lane, Suite 600
San Bernardino, California 92408
Telephone: (909) 387-1130
Fax: (909) 387-1138

Attorneys for Defendants CITY OF RIVERSIDE; DAVID JOHANSEN, individually, and in his official capacity as a Police Officer for the City of Riverside; NICHOLAS VAZQUEZ, individually, and in his official capacity as a Police Officer for the City of Riverside

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

DAVID ROLAND CLOUD, individually, and as the Successor-in-Interest to decedent DOUGLAS STEVEN CLOUD, TERESA KAY CLOUD, individually,

Plaintiffs,

v.

CITY OF RIVERSIDE, DAVID JOHANSEN, individually, and in his official capacity as a Police Officer for the City of Riverside; NICHOLAS VAZQUEZ, individually, and in his official capacity as a Police Officer for the City of Riverside, and DOES 1 through 10, inclusive,

Defendants.

Case No. ED CV 07-00136 GW (JCRx)

**STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT OF DEFENDANTS CITY OF RIVERSIDE, DAVID JOHANSEN AND NICHOLAS VAZQUEZ**

Date: February 11, 2008
Time: 8:30 a.m.
Courtroom: 10
Judge: Hon. George H. Wu
Trial Date: March 18, 2008

# STATEMENT OF UNCONTROVERTED FACTS

| **Statement of Uncontroverted Facts** | |
|---|---|
| 1. On October 8, 2006, Officer Vazquez and Officer Brett Stennett were on patrol in a marked police car when they heard an officer radio that a "211" (a robbery) had just occurred nearby at the Home Depot and that the suspect was fleeing in a gray primer vehicle. | Dec. Of John Porter, Exh. A [Vazquez Depo.] 6:21-25, 7:25-8:8; 10:6-10; 11:18-21; *id.*, Exh. B [Stennett Depo.] 40:6-12. |
| 2. Officer David Johansen was also nearby and heard the radio call. | *Id.*, Exh. C [Johansen Depo.] 65:6-20. |
| 3. The radio call did not provide any details of the robbery. | *Id.*, Exh. A [Vazquez Depo.] 80:12-14; *id.*, Exh. C [Johansen Depo.] 63:17-64:2; id., Exh. B [Stennett Depo.] 40:6-12. |
| 4. Within a minute or two, Officers Vazquez and Stennett located Douglas Steven Cloud's car which had crashed into a palm tree and a truck displayed on the edge of the car lot of the Acura of Riverside dealership. | *Id.*, Exh. A [Vazquez Depo.] 9:21-10:3; *Id.*, Exh. D [Cagle Depo.] 80:7-25; 81:3-9; 82:10-12; 86:10-13; *id.*, Exh. B [Stennett Depo.] 18:25-19:2. |

**Statement of Uncontroverted Facts**

| | |
|---|---|
| 5. Cloud did not suffer any significant injuries in the car crash. | *Id.*, Exh. E [Fajardo Depo.] 98:1-10; *id.*, Exh. B [Stennett Depo.] 45:24-46:10. |
| 6. Officers Vazquez and Stennett were the first officers on the scene. | *Id.*, Exh. A [Vazquez Depo.] 14:21-23. |
| 7. Officer Vazquez exited the patrol car, drawing his firearm and crouching at the doorpost, and directed Cloud — who was in the driver's seat, looking back over his right shoulder at the officers — to show his hands. | *Id.*, Exh. A [Vazquez Depo.] 12:4-10; 13:1-5; 15:8-10; 15:13-19. |
| 8. Instead of complying, Cloud turned to his left and stuck his head out of the driver's side window, looking back at the officers and leading Officer Vazquez to believe that Cloud might try to flee on foot. | *Id.*, Exh. A [Vazquez Depo.] 15:24-25; 16:6-8; 16:23-17:8. |
| 9. In response, Officer Vazquez started toward the driver-side of Cloud's car with his gun drawn, while telling Cloud to show his hands and not to try to flee. | *Id.*, Exh. A [Vazquez Depo.] 18:9-16; 19:20-22. |

**Statement of Uncontroverted Facts**

| | |
|---|---|
| 10. Cloud briefly complied with Officer Vazquez's commands and put his hands up above his head. | *Id.*, Exh. A [Vazquez Depo.] 18:9-13; 19:20-22. |
| 11. Cloud then moved both hands down in front of him so that they were no longer visible to Officer Vazquez. | *Id.*, Exh. A [Vazquez Depo.] 19:23-20:3, 20:13-20. |
| 12. In the meantime, Officer Stennett had approached the passenger-side door of Cloud's car and, after ascertaining that the door was locked with the window up and that Cloud was not complying with Officer Vazquez's commands, went around to join Officer Vazquez at the driver-side door. | *Id.*, Exh. B [Stennett Depo.] 43:6-18; 44:18-23. |
| 13. Despite continued instructions from Officer Vazquez to stop moving his hands and to show his hands—Cloud reached with his right hand between the driver's seat and the center console housing the gearshift, feeling around looking for something. | *Id.*, Exh. A [Vazquez Depo.] 22:7-9; *id.*, Exh. B [Stennett Depo.] 46:20-47:2; *id.*, Exh. A [Vazquez Depo.] 21:3-17; 22:22-24. |

**Statement of Uncontroverted Facts**

| | |
|---|---|
| 14. Officer Stennett reached through the driver-side door's window opening into the car and attempted to physically gain control of Cloud's hands or to pull Cloud out of the open driver-side window. | *Id.*, Exh. B [Stennett Depo.] 48:3-6; *id.*, Exh. A [Vazquez Depo.] 22:21-23. |
| 15. Cloud physically resisted, bracing his body and pulling away from Officer Stennett, trying to pull back into the car . | *Id.*, Exh. B [Stennett Depo.] 50:8-16; *id.*, Exh. C [Johansen Depo.] 66:5-14; *id.*, Exh. D [Cagle Depo.] 89:24-90:5. |
| 16. Officer Vazquez verbally directed Cloud to stop resisting. | *Id.*, Exh. A [Vazquez Depo.] 35:22-36:3. |
| 17. Officer Johansen joined Officers Stennett and Vazquez in attempting to control Cloud. | *Id.*, Exh. A [Vazquez Depo.] 24:4-7; 25:11-15; *id.*, Exh. C [Johansen Depo.] 67:9-11. |
| 18. Cloud, however, broke free and, with the officers still standing by the driver-side window, put his car into gear with his right hand and accelerated while turning the steering wheel with his left hand in an attempt to dislodge the car and gain traction. | *Id.*, Exh. A [Vazquez Depo.] 19:5-7; 26:11-18; 27:15-17; 28:7-11; 28:17-21; *id.*, Exh. C [Johansen Depo.] 68:11-19; *id.*, Exh. D [Cagle Depo.] 83:20-84:8; 85:18-25; 87:25-88:17. |

**Statement of Uncontroverted Facts**

| | |
|---|---|
| 19. Cloud leaned away from Officer Stennett, who was still reaching into the car in an attempt to control him, and fully extended his right leg onto the accelerator, flooring the gas pedal. | *Id.*, Exh. B [Stennett Depo.] 51:8-53:6. |
| 20. Dirt was being thrown up by the spinning rear tires onto the officers as the car attempted to gain traction. | *Id.*, Exh. A [Vazquez Depo.] 32:1-3; *id.*, Exh. C [Johansen Depo.] 69:15-18. |
| 21. With his right hand, Cloud was again reaching deliberately between the seat and the center console area. | *Id.*, Exh. C [Johansen Depo.] 70:19-24; 71:21-72:1; 73:14-16; 75:5-11; *id.*, Exh. B [Stennett Depo.] 53:6-7; *id.*, Exh. A [Vazquez Depo.] 30:20-24. |
| 22. All three officers felt they were in danger because they believed that Cloud was reaching for a gun or because Cloud would dislodge his car and hit and kill them. | *Id.*, Exh. C [Johansen Depo.] 71:21-72:1; 73:14-16; 75:5-11; *id.*, Exh. B [Stennett Depo.] 54:3-5; 55:7-20; *id.*, Exh. A [Vazquez Depo.] 33:10-16; *id.*, Exh. A [Vazquez Depo.] 29:14-16; 31:1-10; 33:9-12; *id.*, Exh. B [Stennett Depo.] 49:12-19. |

| **Statement of Uncontroverted Facts** | |
|---|---|
| 23. Officer Vazquez told Officer Stennett to step back and then fired his first shot followed by 3 or 4 more shots. | *Id.*, Exh. A [Vazquez Depo.] 34:5-18; *id.*, Exh. B [Stennett Depo.] 56:4-7; 57:7-19. |
| 24. Officer Vazquez's first shot was immediately followed by a single shot by Officer Johansen. | *Id.*, Exh. C [Johansen Depo.] 74:14-75:4; *id.*, Exh. B [Stennett Depo.] 57:24-58:3. |
| 25. Cloud suffered two clearly fatal wounds and was dead within 10 seconds of the shooting. | *Id.*, Exh. E [Fajardo Depo.] 95:4-17; 94:21-23; 96:25-973:2. |
| 26. The entire incident — from the arrival of Officers Vazquez and Stennett to the shooting — took less than a minute. | *Id.*, Exh. B [Stennett Depo.] 59:16-18. |
| 27. Officer Stennett was struggling with Cloud for approximately 15 or 20 seconds before the shooting. | *Id.*, Exh. B [Stennett Depo.] 59:18-20. |
| 28. 10 seconds or less passed between Officer Johansen's arrival at the scene and the shooting. | *Id.*, Exh. C [Johansen Depo.] 76:16-20. |

# CONCLUSIONS OF LAW

**Conclusions of Law**

| | |
|---|---|
| 1. The moving party bears the initial burden of demonstrating the absence of a "genuine issue of material fact for trial." | *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). |
| 2. A fact is material if it affects the outcome of the suit under the governing substantive law. | *Id.* at 248. |
| 3. At that point the burden shifts to the non-moving party to establish by evidence that there is a genuine issue for trial. | *Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). |
| 4. The qualified immunity analysis is two-step, with the first inquiry being "whether a constitutional right would have been violated on the facts alleged. . . ." | *Saucier v. Katz*, 533 U.S. 194, 201, 121 S. Ct. 2151, 150 L. Ed. 2d 272 (2001). |

**Conclusions of Law**

| | |
|---|---|
| 5. If that answer is in the affirmative, then "the next, sequential step is to ask whether the right was clearly established. This inquiry, it is vital to note, must be undertaken in light of the specific context of the case, not as a broad general proposition. . . ." | *Id.* |
| 6. In the context of a Fourth Amendment claim for unreasonable search or seizure, the right the official is alleged to have violated must have been 'clearly established in a more particularized, and hence more relevant, sense: the contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right. | *Anderson v. Creighton*, 483 U.S. 635, 640, 107 S. Ct. 3034, 97 L. Ed. 2d 523 (1987). |
| 7. The relevant dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted. | *Saucier*, 533 U.S. at 202, 121 S. Ct. at 2156. |

**Conclusions of Law**

| | |
|---|---|
| 8. The focus is on whether the officer had fair notice that conduct was unlawful and hence reasonableness is judged against the backdrop of the law at the time of the conduct; if the law at the time did not clearly establish that the officer's conduct would violate the Constitution, the officer is not subject to liability. | *Brousseau v. Haugen*, 543 U.S. 194, 125 S. Ct. 596, 599, 160 L. Ed. 2d 583 (2004). |
| 9. If the borders of a particular constitutional standard are "hazy" the officer is shielded from liability. | *Saucier v. Katz*, 533 U.S. at 206; *Brousseau*, 125 S. Ct. at 600 [same]. |
| 10. In an excessive force case, the court must examine whether an officer's actions are objectively reasonable in light of what he faces in the field. | *Graham v. Connor*, 490 U.S. 386, 397, 109 S. Ct. 1865, 104 L.Ed.2d 443 (1989). |
| 11. This reasonableness standard applies in deadly force cases. | *Scott v. Harris*, 550 U.S. __, 127 S. Ct. 1769, 1777-78 (2007); *Acosta v. Hill*, 504 F.3d 1323, 1324 (9th Cir. 2007). |
| 12. There is no special Fourth Amendment standard for unconstitutional deadly force. | *Id.* |

**Conclusions of Law**

| | |
|---|---|
| 13. The relevant facts and circumstances are those known to the officer at the time he acts, based on his contemporaneous knowledge of the facts. | *Deorle v. Rutherford*, 272 F.3d 1281 (9th Cir. 2001). |
| 14. The determination of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments-in circumstances that are tense, uncertain, and rapidly evolving-about the amount of force that is necessary in a particular situation. | *Johnson v. County of Los Angeles*, 340 F.3d 787, 792 (9th Cir. 2003) (quoting *Graham*, 490 U.S. at 396-97). |
| 15. In the tense, uncertain, and rapidly evolving set of circumstances of the case at bar, it was objectively reasonable for Officers Vazquez and Johansen to feel that Cloud was a threat and that it was proper to use deadly force. Therefore, the officers did not use excessive force in violation of the Fourth Amendment. | |

**Conclusions of Law**

16. Given the governing law, the individual defendants could reasonably conclude that their shooting of Cloud did not violate a clearly established constitutional right and, at most, their conduct fell in the hazy border between acceptable and excessive force, which, as the Supreme Court held in *Brousseau*, necessarily entitles them to qualified immunity.

DATED: ____________________

George H. Wu
United States District Judge

Presented by:

LEWIS, BRISBOIS, BISGAARD & SMITH LLP
John M. Porter

GREINES, MARTIN, STEIN & RICHLAND LLP
Timothy T. Coates
Jennifer C. Yang

By: ____________________
Timothy T. Coates
Attorneys for Defendants City of Riverside, David Johansen and Nicholas Vazquez

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 261 South Figueroa Street, Suite 280, Los Angeles, California 90071.

On **January** 18, **2008**, I served the foregoing document described as: **STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT OF DEFENDANTS CITY OF RIVERSIDE, DAVID JOHANSEN AND NICHOLAS VAZQUEZ** on the parties in this action by serving:

Brian T. Dunn, Esq.
THE COCHRAN LAW FIRM
4929 Wilshire Boulevard, Suite 1010
Los Angeles, California 90010
Telephone: (323) 931-6200 • (323) 931-9251

**[Attorneys for Plaintiffs David Roland Cloud, individually, and as the Successor-in-Interest to Decedent Douglas Steven Cloud; Teresa Kay Cloud]**

**(√√) BY PERSONAL SERVICE:** I delivered such envelope by hand to the offices of the addressee.

Executed on **January** 18, **2008**, at Los Angeles, California.

**(√√) FEDERAL:** I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Randy Lures

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 261 South Figueroa Street, Suite 280, Los Angeles, California 90071.

On **January** 18, **2008**, I served the foregoing document described as: **STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT OF DEFENDANTS CITY OF RIVERSIDE, DAVID JOHANSEN AND NICHOLAS VAZQUEZ** on the parties in this action by serving:

Andrew T. Roth, Esq.
ROTH & BLUMENFELD, LLC
3750 University Avenue, Suite 220
Riverside, California 92501
Telephone: (951) 781-3163 • Facsimile: (951) 781-3892

**[Attorneys for Plaintiffs David Roland Cloud, individually, and as the Successor-in-Interest to Decedent Douglas Steven Cloud; Teresa Kay Cloud]**

**(√√) BY PERSONAL SERVICE:** I delivered such envelope by hand to the offices of the addressee.

Executed on **January** 18, **2008**, at Los Angeles, California.

**(√√) FEDERAL:** I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Randy Lures